**MARION COUNTY ELECTION BOARD, Appellant,**

v.

**Raymond J. SCHOETTLE, Erica Pugh, and the Marion County Republican Party, Appellees.**

No. 49S00-0811-CV-586.

Supreme Court of Indiana.

Nov. 3, 2008.

*ORDER*

The trial court entered an order granting an injunction in the case below on Friday, October 31, 2008. Appellant initiated this appeal, which was docketed in the Court of Appeals pursuant to Indiana Appellate Rule 5. As part of its appeal, Appellant filed an emergency motion for stay of the trial court's order pending appeal and requested a schedule for expeditious resolution of the motion for stay. The Court of Appeals then set 9:00 a.m. on

Monday, November 3, 2008, as the deadline for responses to the motion for stay.

Appellees filed a verified motion requesting the Supreme Court to grant transfer pursuant to Appellate Rule 56(A), assume jurisdiction over this appeal, and deny the motion for stay. At 4:00 p.m., the Court of Appeals granted the requested stay.

This Court, having considered Appellees' motion to transfer, Appellant's response thereto, and the action of the Court of Appeals, now GRANTS the motion to transfer. Having assumed jurisdiction over this appeal, this Court vacates the order of the Court of Appeals imposing the stay. The trial court's order granting the injunction is reinstated and remains in effect pending final resolution of this appeal or further order from this Court.

SHEPARD, C.J., and DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

SULLIVAN, J., concurring.

The parties dispute the procedures that Indiana law requires be followed when a challenge is made at the polls to an absentee ballot.

Although I find some ambiguity in the statutory scheme, I think it is best read to require that when an absentee voter is challenged at the polls for the reason that the absentee voter is not a legal voter of the precinct where the ballot is being cast, the absentee ballot is from that point forward treated as a provisional ballot and counted by the county election board using the procedures for counting a provisional ballot under IC 3-11.7. I.C. 3-11-10-21. At the time the county election board determines the validity of a challenged absentee ballot under IC 3-11.7, it is to give effect to the provisions of I.C. 3-11-10-22.

For there to be a "challenge" under I.C. 3-11-10-21, Indiana law requires that "the person challenging the voter [must] reduce the challenge to affidavit form, setting forth succinctly the reasons for the challenge." I.C. 3-11-8-20. "The affidavit ... must set forth under oath or affirmation the following: (1) The name of the challenger. (2) The name of the person being challenged. (3) The reasons the challenger believes the person being challenged is not a legal voter in the precinct. (4) The source of the information provided under subdivision (3).(5) A statement that the challenger understands that making a false statement on the affidavit is punishable under the penalties of perjury." I.C. 3-11-8-21.

Given that there has been no allegation in this case of any fraudulent absentee voting taking place, that tendering a fraudulent absentee ballot is a crime, and that falsely challenging an absentee ballot is perjury, I expect few if any ballots to be implicated by this decision.

RUCKER, J., concurring.

With reservation, I concur in this order. As Justice Sullivan points out there is some ambiguity in the statutory scheme. I agree and would note at least one such ambiguity. Indiana Code § 3-11-10-22(b) (2006), which applies to the challenge of absentee votes, says in relevant part, "[T]he challenge procedure under this section is the same as though the ballot was cast by the voter in person." That procedure in turn requires the challenged voter to cast a provisional ballot. And the statute sets forth in some detail precisely how this is to be accomplished. At first blush the statute appears fairly straightforward. But, subsection (d) of the very same statute says, "If a proper affidavit is made that would entitle the absentee voter to vote if the absentee voter had personally

appeared, then the absentee ballot shall be placed in the ballot box." I.C. § 3–11–10–22(d). This provision too is fairly straightforward. For "write-in" absentee ballots the "affidavit" is the ballot application itself. *See* Ind.Code § 3–11–10–22(a). And a proper affidavit is one which affirms under the penalty for perjury that the voter is a "legal voter of the precinct where the ballot is being cast." I.C. § 3–11–10–21 (2006). Thus on the one hand the statutes suggest that a challenged absentee vote must be treated as a provisional ballot and counted later if at all, while on the other hand a challenged absentee vote must be counted at the precinct polling place so long as the affidavit shows the voter is legal voter of the precinct. These provisions are at least ambiguous and at most simply irreconcilable.

We are of course constrained by the emergency nature of these proceedings from providing a more thorough analysis of apparently conflicting Indiana election law statutes. Ordinarily I would be inclined to err on the side of allowing challenged absentee votes to be counted at the precinct polling place on Election Day in accord with subsection (d).

However, the record before us shows that as it has done for all elections in Indiana since 1997, the bipartisan Indiana Election Division has provided an "Election Day Handbook" to the 5,000 precinct election boards across the State. This Handbook describes the relevant Indiana law that governs elections and is to be used by precinct election boards to resolve issues that may arise on Election Day. Chapter 10 of the Handbook addresses "Absentee Ballots" and provides in relevant part:

Challenging an Absentee Ballot

● It is also possible to challenge an absentee ballot in the same manner that a voter can be challenged in person.

[ ] A challenged absentee ballot will be processed as a provisional ballot. The absentee ballot secrecy envelope must be marked as a provisional ballot.

● The challenged absentee ballot will be kept separate from the other absentee ballots processed by the precinct election board, and returned unopened to the county election board. The county election board will then determine whether this ballot will be counted.

Emergency Motion For Stay, Tab D, p. 6. It appears to me that the trial court's preliminary injunction is consistent with the guidelines provided by the bipartisan Indiana Election Division. With the reservation expressed above, I agree the injunction should remain in place.